HEARD NOVEMBER TERM, 1873.

### KIRBY vs. WOODS.

Rule on a Sheriff to compel him to sell land which had been assigned as a homestead under an execution issued before 1868: *Held*, That, under the circumstances set forth in the return, the Sheriff was not in contempt, and rule dismissed.

BEFORE GREEN, J., AT SUMTER, MAY TERM, 1873.

Evander Kirby recovered judgment against Andrew W. Woods, administrator of R. F. Hickson, deceased, before the year 1868, and issued execution thereon. Hickson was seized, at the time of his death, of a tract of 535 acres of land, which was subject to the lien of the judgment, and this was a rule upon John M. Tindal, Sheriff of Sumter, to compel him to sell the land under the execution.

The Sheriff made return to the rule, and stated that he levied upon the tract of 535 acres of land, and advertised the same for sale on sale day in April, 1873, under Kirby's execution, and also under another execution which was older; that on the 25th March, 1873, the widow of Hickson claimed the benefit of the homestead

exemption for herself and the minor children of Hickson, and thereupon he issued the usual papers to have the homestead assigned; that Kirby gave notice in writing that he objected to the allowance of a homestead; that on the 4th April the appraisers made their return, whereby they stated that they had assigned to the widow and minor children of Hickson 250 acres, part of said tract of 535 acres, as a homestead; that Kirby filed exceptions to the return of the appraisers, and thereupon it was agreed that the residue of the tract should not be sold until the right to the homestead exemption had been decided by the Court. He further stated that the papers had been filed with the Clerk of the Court, and he submitted that he was not in contempt, under the circumstances stated, and that the rule should be discharged.

His Honor held that Kirby had the right, under the Constitution of the United States, to have the whole tract sold for satisfaction of his judgment; that the Sheriff was in contempt for not obeying the process of the Court; and he ordered that the Sheriff do proceed to sell the land, and failing to do so by the first Monday in October, that he be attached for contempt.

The Sheriff appealed upon the ground that under the circumstances stated in his return, he was not in contempt of the process of the Court, for that, in having the homestead assigned, he had only obeyed the law as interpreted by the Supreme Court of the State in a decision which had not been overruled, and which, until overruled, he was bound to regard.

*J. S. G. Richardson,* for appellant.

No counsel appeared for respondent.

Dec. 18, 1873. The opinion of the Court was delivered by

MOSES, C. J. Under the practice prescribed by the Code of Procedure, a rule against the Sheriff is to be regarded as a special proceeding. It is not an action wherein the "enforcement or protection of a right or the redress or prevention of a wrong" is to be determined between the parties before the Court. It lies as against a Sheriff, where he has wilfully disregarded the mandate or direction of a competent authority, or has been guilty of a neglect of duty in some culpable manner.

The Court will not, in this summary way, settle a complex question in regard to the right to money in a Sheriff's hands, but will

leave the party to his action. There is a difference where the pro-
ceeding is not for an actual contempt, but is only resorted to as a
private remedy.—*Thomas* vs. *Aiken*, Dud., 293 ; *Cannady* vs.
*Odom*, 2 Rich., 528 ; *Condict* vs. *Same*, Ibid ; *Brown* vs. *Furze*, 2
Rich., 531.

In *Dawson* vs. *Dawson*, 12 Rich., 439, it was held "that disputed
questions of fact, proper to be submitted to a jury, will not be de-
cided by a Judge upon the return of a rule on the Sheriff to show
cause." The principle applies with equal, if not greater force,
where the determination involves questions affecting the rights of
property, where the parties, though directly interested in the result,
are not before the Court. The Sheriff should not be made the
mere medium through which the claimants to property may seek
to enforce their supposed rights, much less where no notice has
been given to the parties against whom they are demanded.

In the case before us he was commanded, by the execution
against the administrator of Hickson, to levy upon the lands, &c.,
of the intestate, out of which the money due on the judgment was
to be made. He proceeded in March, 1873, to levy upon the land
described in his return, and advertised it in due form for sale on
the succeeding sale day. So far he had performed every duty
which the mandate of the Court had enjoined. On the 25th of
March the widow of Hickson claimed that a homestead in the
same land should be assigned to her and the minor children of her
deceased husband, by virtue of and under the Act approved 22d
February, 1873. The Sheriff, on the third of April following, is-
sued the precept necessary for the purpose, strictly complying in
all particulars with the Act, and returned to the Circuit Court all
the proceedings of the Commissioners in regard to their allotment,
as by law required. The plaintiff in execution did file a notice of
objection or protest with the Sheriff before he issued the precept
for the homestead, and, after its judgment, notice of exception was
also given to him on behalf of the plaintiff. The interposition of
the homestead claim prevented the sale of the land on the first
Monday of April.

The Sheriff surely did no wrong to the plaintiff by delaying the
sale until the question made on his exception could be heard and
decided by the Circuit Court, which, under the Act, had the power
of passing on the question at issue between the parties. If he had
sold, before it was determined, the cloud which thus rested on the

title to the land would, in all probability, have materially prejudiced the price which it would have brought at public outcry.

It is difficult to perceive how the Sheriff is to be held in contempt for not selling in April, when Kirby had actually resorted to the course provided by the Act for testing the right of the widow and children to a homestead in the very land which was, under the levy, to be the subject of the sale. He complied with all the requisitions of the law in returning the papers and reporting his proceedings in the matter to the Court, thus facilitating, and in no way retarding the opportunity of Kirby to be heard on his exception by that tribunal. Kirby should have consummated the proceeding he had initiated by applying to the Court, at its following May Term, to set aside the assignment. That was the jurisdiction to which he had appealed, and properly so, for it had full power to pass judgment on the question. The rights of the respective parties would have then been determined. If Kirby had succeeded, all of the land would have been subject to sale under his execution. If preference had been given to the homestead, the remainder of the land only would have been thus liable. There is not such a wilful and culpable disobedience as shows a contempt of the authority, under which the process to the Sheriff issued, which should subject him to this summary mode of proceeding. The rules which bind the ministerial officers of the Court to a strict and proper performance of all duties enjoined by law are not to be relaxed, but at the same time they are not to be so harshly construed as to provoke punishment where it is clear that there is no wrongful disobedience.

The motion to set aside the order of the Circuit Court is granted.

*Wright*, A. J., and *Willard*, A. J., concurred.